IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. 3:13-CV-00195 |
| v. | COMPLAINT |
| PRESBYTERIAN HEALTHCARE ASSOCIATES CORP., | JURY TRIAL DEMAND |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Donovus Todd ("Todd") who was adversely affected by such practices. Specifically, the Equal Employment Opportunity Commission ("Commission") alleges that Presbyterian Healthcare Associates Corp. ("Defendant") failed to hire Todd for employment because it perceived him as disabled, in violation of the ADA, as amended. Defendant's actions violated section 102(a) of the ADA, 42 U.S.C. § 12112(a).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of

1

the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina, Charlotte Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation, doing business in the State of North Carolina, and the City of Charlotte, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Todd filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions

2

Case 3:13-cv-00195-FDW-DCK   Document 1   Filed 03/26/13   Page 2 of 7

precedent to the institution of this lawsuit have been fulfilled.

8. On or around May 28, 2010, Defendant engaged in an unlawful employment practice at one of its facilities in Charlotte, North Carolina, in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a), when it failed to hire Todd because it regarded him as disabled.

9. Todd has a permanent physical impairment of his left knee that resulted from an injury to his knee in or around 2004. Specifically, Todd was diagnosed with a torn ACL, torn MCL, torn lateral release and cracked knee cap in his left knee. As a result of this impairment, Todd is limited in certain activities such as kneeling, squatting, climbing and crawling. Despite his impairment, at all relevant times Todd could perform the essential functions of the phlebotomist position that he sought with Defendant without a reasonable accommodation.

10. On or about July 18, 2009, Todd received medical clearance to participate in a phlebotomist training program at a community college in Charlotte, N.C. The medical clearance was based on the medical practitioner's review and consideration of both Todd's impairment and the physical requirements of working as a phlebotomist.

11. After receiving medical clearance, Todd participated in the phlebotomist program at the community college. As part of the program, Todd was required to work seven (7) weeks as a phlebotomist intern in a clinical rotation at a local hospital after completing classroom and laboratory work at the college.

12. On or about March 19, 2010, Todd began a seven (7) week internship with Defendant. Todd successfully completed the requirements of the clinical rotation while working for Defendant as an intern. During the time that Todd worked with Defendant as an intern, he did not require any type of accommodation to perform the phlebotomist job. On or about May 8,

2010, Todd received his phlebotomist certification from the local college and applied for a permanent phlebotomist position with Defendant.

13. On May 14, 2010, Defendant's Recruiter sent Todd a letter offering him employment as a phlebotomist, starting on May 23, 2010. Defendant's offer of employment was contingent upon, in part, Todd successfully completing a health screening examination.

14. On or about May 18, 2010, Todd underwent Defendant's health screening examination. During the health screening examination, Todd indicated on his paperwork that he had undergone four knee surgeries within the past five years. Upon learning this information, Defendant requested that Todd produce his medical records for review, which Todd produced on or about the same day the request was made. Defendant told Todd that it would contact him once his medical records were reviewed.

15. On or about May 23, 2010, the date that was to be Todd's start date as a permanent phlebotomist for Defendant, Todd contacted Defendant's Recruiter to inquire about the status of his employment. Defendant's Recruiter responded that she would call him back; however she never did. Todd contacted Defendant's Recruiter several times thereafter and left messages requesting a return call, but his calls were never returned.

16. Sometime between May 18, 2010 and May 28, 2010, a physician's assistant employed with Defendant's Employee Health Department reviewed Todd's medical records and medical restrictions. Following that review, Defendant rescinded Todd's offer of employment based on Defendant's erroneous belief that Todd could not perform the phlebotomist job duties because of his knee impairment.

4

17. The effect of the practices complained of above have been to deprive Todd of equal employment opportunities and otherwise adversely affect his status as an applicant for employment.

18. The unlawful employment practice complained of above was intentional.

19. The unlawful employment practice complained of above was done with malice or with reckless indifference to the federally protected rights of Todd.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from refusing to hire applicants based on a physical impairment that does not prevent the applicant from performing the essential functions of the job he or she seeks, and from engaging in any other employment practice that discriminates against individuals on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with physical impairments, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Donovus Todd whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practice, including but not limited to rightful-place hiring of Donovus Todd..

D. Order Defendant to make Donovus Todd whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses and medical expenses, in amounts to be determined at trial.

E. Order Defendant to make Donovus Todd whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Donovus Todd punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission the costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the 26th day of March, 2013.

    Respectfully submitted,

    P. DAVID LOPEZ
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REEMS
    Associate General Counsel
    Equal Employment Opportunity Commission
    131 M Street, N.E.
    Washington, D.C. 20507

    **s/ Lynette A. Barnes**_____
    LYNETTE A. BARNES (NC Bar #19732)
    Regional Attorney

    KARA GIBBON HADEN
    Supervisory Trial Attorney

s/ Stephanie M. Jones
STEPHANIE M. JONES (GA Bar No. 403598)
Trial Attorney
Email: stephanie.jones@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone:     704.954.6471
Facsimile:     704.954.6412