# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:13-cv-00195-FDW-DCK

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CONSENT DECREE |
| v. ) | |
| ) | |
| THE PRESBYTERIAN HOSPITAL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS MATTER is before the Court upon the Joint Motion for Entry of a Consent Decree (Doc. No. 7). For the reasons stated in the joint motion, it is GRANTED.

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that The Presbyterian Hospital ("Defendant") failed to hire Donovus Todd ("Todd") for employment because it perceived him as disabled, in violation of the ADA. In response, Defendant denied any violation of the ADA, and specifically denied any violation of the ADA with respect to its decision not to hire Todd. Likewise, the Commission does not in any way imply or suggest that the Defendant was in compliance with the law with respect to its dealings with Todd as alleged in this action.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person under the ADA by failing to hire such individual on the basis of disability or perceived disability.

2. Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall provide the Commission with a designated point of contact for Defendant for purposes of this Consent Decree, including the following information: name of contact, job title, business address, telephone number, facsimile number, and electronic mail address. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact within ten (10) days of the change.

3. Defendant shall pay Donovus Todd the sum of **$32,500 (Thirty-Two Thousand Five Hundred Dollars and No Cents)** in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Donovus Todd. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall

mail the check to Mr. Todd at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall send to the Commission a copy of the check and proof of its delivery to Mr. Todd. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Mr. Todd may or may not incur on such payments under local, state and/or federal law.

4. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall remove from the application records of Donovus Todd any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 430-2010-02709 and the related events that occurred thereafter, including this litigation. All copies of the foregoing identified documents in the custody or control of Defendant shall be sent to the Director of Corporate Employee Relations and placed in a sealed confidential envelope and shall be inaccessible to everyone except the Director of Corporate Employee Relations. Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Defendant agrees that if it receives any inquiry about Donovus Todd from a potential employer, it will provide in response only the following information: name, position held and date of employment/affiliation with Defendant. Defendant agrees Mr. Todd remains eligible to apply and be considered for employment.

6. Defendant shall distribute its formal, written anti-discrimination policy, Equal Employment Opportunity ("EEO") policy, marked Exhibit "A", to all current employees via Defendant's intranet within thirty (30) days of the entry of this Consent Decree by the Court. Defendant's formal, written anti-discrimination policy, includes but is not limited to the

following: an explanation of the requirements of the federal equal employment opportunity laws, including the ADA and its prohibition against discrimination against individuals who have disabilities or are regarded as having disabilities; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Within thirty-five (35) days of the entry of this Consent Decree, Defendant shall report compliance with this provision to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees, which Defendant provides to employees during new employee orientation, at the time of hire. During the term of this Consent Decree, the EEO policy and the Reasonable Accommodations/Modifications Policy, marked Exhibit "B," will remain available to all employees through Defendant's intranet system.

7. During the term of this Consent Decree, Defendant shall continue to provide a copy of the policy described in paragraph 6, *supra*, to all new employees at the time of hire and continue to make a copy of the policy available to all employees on Defendant's intranet system which is accessible to all employees.

8. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its managers, supervisors, and persons employed in its Employee Occupational Health Services Department who make decisions as to whether an applicant is qualified to perform the essential functions of a job. Each training program shall include an explanation of the requirements of the ADA, including its prohibition against discrimination on the basis of a disability and its prohibition against retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry

4

of the Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit **"C"**, hereby made a part of this Consent Decree, in a place where it is visible to employees at its facility. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within thirty-five (35) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

> A. the identity of each applicant for employment who received a conditional or contingent job offer from Defendant that was withdrawn prior to employment of the applicant, who has or had a physical or mental impairment that was disclosed or became otherwise known to Defendant at any time during the application process, including by way of identification each individual's full name, last known address and telephone number, conditional or contingent position offered, and physical or mental impairment disclosed;
>
> B. for each individual identified in response to 10.A. above whose conditional or contingent offer was withdrawn, provide the following: date the conditional or contingent offer was withdrawn, all reasons for the withdrawal of the offer, and the full name of all persons involved in the decision to withdraw the offer.

Defendant agrees that should the Commission request the social security numbers of the

individuals identified in 10.A., Defendant shall provide the social security numbers within seventy-two (72) hours of the Commission's request.  In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's facility, interview employees and examine and copy documents.

12. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Consent Decree shall be for three (3) years from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC  28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary or appropriate.

IT IS SO ORDERED.

Signed: August 8, 2013

_____
Frank D. Whitney
Chief United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **THE PRESBYTERIAN HOSPITAL, Defendant** |
| P. DAVID LOPEZ<br>General Counsel<br>JAMES L. LEE<br>Deputy General Counsel<br>GWENDOLYN YOUNG REAMS<br>Associate General Counsel | **s/ Kathleen K. Lucchesi**_____<br>KATHLEEN K. LUCCHESI<br>NC Bar No. 24386<br>Email: klucchesi@jahlaw.com |
| **s/Lynette A. Barnes**_____<br>LYNETTE A. BARNES<br>Regional Attorney<br>129 West Trade Street, Suite 400<br>Charlotte, N.C. 28202<br>KARA GIBBON HADEN (NC Bar 26192)<br>Supervisory Trial Attorney | **s/ Patrick E. Kelly**_____<br>PATRICK E. KELLY<br>NC Bar No. 16703<br>Email: pkelly@jahlaw.com<br><br>JOHNSTON, ALLISON & HORD<br>1065 East Morehead Street<br>Charlotte, NC 28204<br>Telephone: 704-332-1181<br>Facsimile: 704-376-1628 |
| **s/ Stephanie Jones**_____<br>STEPHANIE JONES (GA Bar No. 403598)<br>Trial Attorney<br>Email: stephanie.jones@eeoc.gov<br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION, Charlotte District Office<br>129 West Trade Street, Suite 400<br>Charlotte, North Carolina 28202<br>Telephone: (704) 954-6471<br>Facsimile: (704) 954-6412 | |
| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANT** |



| **POLICY TITLE** | Equal Employment Opportunity |
|---|---|
| **POLICY NUMBER** | 2000                                    Jul 10 |
| **JCAHO FUNCTIONS** | HR |
| **APPLIES TO** | Novant Health, Inc. |

I. **SCOPE / PURPOSE**

The purpose of this policy is to assure that all human resource practices are conducted in compliance with federal, state and local civil rights and employment legislation.

II. **POLICY**

Novant Health is an equal opportunity employer and conducts all human resource practices in compliance with federal, state and local civil rights and employment legislation.

Accordingly, it is the policy of Novant Health to consider all applicants for employment equally, without regard to race, color, religion, sex, national origin, age, disability, veteran's status, genetic information or sexual orientation, and to provide them with an opportunity to progress in the organization consistent with their skills and interests.

To support this policy, we will:

1. Continue to recruit, hire and promote for all job classifications without regard to race, color, religion, sex, national origin, age, disability, veteran's status, genetic information or sexual orientation.

2. Continue to ensure that all aspects of the employment process, including application, testing, hiring, assignments, evaluation, disciplinary actions, promotion, transfers, medical examinations, layoff/recall, termination, compensation, benefits, leaves of absence, organization-sponsored training, education, tuition aid and social and recreational programs will be administered without regard to race, color, religion, sex, national origin, age, disability, veteran's status, genetic information or sexual orientation except where sex and/or age is a genuine occupational qualification.

3. Make reasonable accommodation to the known physical or mental limitations of a qualified applicant or employee with a disability unless it would cause an undue hardship to the organization, as defined by The Americans with Disabilities Act of 1990.

The equal employment opportunity policy will be reviewed periodically with managers as explained below to ensure affirmative implementation so as to avoid any discrimination in employment.

1. A review and evaluation of each step of the employment process will be conducted periodically to assure that job requirements, hiring standards, and methods of selection and placement do not discriminate, but instead contribute toward equal employment opportunity.

2. When employees are featured in internal publications, both minority and non-minority men and women will be pictured to demonstrate that our corporation provides varied and non-traditional jobs with futures for all qualified applicants.

3. Any media advertising for employees will contain a statement regarding the equal employment opportunity posture (i.e., An Equal Opportunity Employer).

4. Minorities and women will be included in any consumer or product advertising when employees are pictured.

5. The Novant Health Application for Employment notifies prospective employees that Novant Health is "An Equal Opportunity Employer".

### III. DEFINITIONS

Genetic information: Genetic information includes information about an individual's genetic tests and the genetic tests of an individual's family members, as well as information about any disease, disorder, or condition of an individual's family members (i.e. an individual's family medical history). Family medical history is included in the definition of genetic information because it is often used to determine whether someone has an increased risk of getting a disease, disorder, or condition in the future.

### IV. RELATED DOCUMENTS

2010 Career Development; 3005 Employment; 3007 Job Posting

### V. REFERENCES

Not applicable

### VI. SUBMITTED BY

Daniel G. Clowers, Human Resources

### VII. KEY WORDS

Equal opportunity employer

### VIII. 
**INITIAL EFFECTIVE DATE**  12/1/80  
**DATE REVISED**  10/97, 8/99, 5/03, 1/07, 7/2010  
**DATE REVIEWED**  11/01, 5/06

# POLICY SIGNATURE SHEET (one copy only to be maintained by author)

| Company / Facility(s) | Novant Health, Inc. |
|---|---|
| Department | Human Resources |
| Policy | Equal Employment Opportunity |
| Action | Amended |

**POLICY APPROVED BY:**

| Title | Approved By | Signature | Date |
|---|---|---|---|
| Sr. Vice President of Human Resources | Janet Smith-Hill | | 6/2010 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**COMMITTEES APPROVED BY:**

| Committee | Chairperson/Designee | Date |
|---|---|---|
| | | |
| | | |

**DATES OF APPROVAL:**

| Date Revised | 7/2010 |
|---|---|
| Date to be Reviewed | 7/2013 |



| TITLE | Reasonable Accommodations / Modifications | | |
|---|---|---|---|
| **NUMBER** | NH-HR-2001 | **Last Revised/Reviewed Effective Date:** | Apr12 |
| **TJC FUNCTIONS** | HR | | |
| **APPLIES TO** | Novant Health, Inc | | |

## I. SCOPE / PURPOSE

To assist in the implementation of the reasonable accommodation provisions as required by law. This policy is designed to assist in making reasonable accommodations/ modifications within the meaning of the law as it relates to applicants and employees with disabilities, which may impair their ability to perform essential job duties.

## II. POLICY

**APPLICABLE LAWS:**
The Americans with Disabilities Act, the ADA Amendments Act of 2008

**REASONABLE ACCOMMODATION:**
"Reasonable accommodation" means alterations in the job, workplace, and/or term of employment and other measures, which will allow an otherwise qualified individual to perform the essential duties of a job. Changing or elimination of an essential function is not a form of reasonable accommodation.
Novant Health continues its commitment to reasonable accommodation for individuals with disabilities based upon medical assessment of the person's capabilities to perform the essential job requirements.
However, if reasonable accommodation is not possible within the provisions of the law for his/her position, Novant Health will consider the individual for referral to other positions within the company for which he/she applies and may otherwise qualify.

**TYPES OF REASONABLE ACCOMMODATION:**
A general determinant of reasonable accommodation is whether an undue hardship is imposed upon Novant Health. Factors for evaluation of hardship include:
1. The overall size of the program with respect to the number of employees, the number and type of facilities, and the size of the budget.
2. The nature of the operation, including the composition and structure of the workforce.
3. The nature and cost of the required accommodation.

Under State and Federal laws, reasonable accommodation provisions may constitute one or more of the following adjustments:
1. Acquisition or modification of equipment to be used by the individual
2. Changes in the physical layout of the job to eliminate or reduce physical barriers
3. Elimination of nonessential duties or otherwise restructuring the job
4. Modification of the work schedule
5. Modification of the method for administering employment testing, such as

reading questions to the blind

**PHILOSOPHY:**
Novant Health reaffirms its commitment to emphasize respect for the individual and recognizes that a person with functional impairments may wish to maintain as normal life style as possible, as long as medical capabilities permit.
To this end, Novant Health will analyze and respond to each medical situation on a case-by-case basis using the most current evidence available.
Novant Health will follow applicable Federal and State guidelines and statutes as they relate to reasonable accommodation of individuals with disabilities and their capabilities to perform essential job duties.

**REASONABLE ACCOMMODATION REVIEW PROCESS:**
Investigation into reasonable accommodation options for persons with disabilities will involve initial input by, but not limited to, the Manager, the Medical Director of Employee Occupational Health (or designated provider), Employee Relations, and/or the individual's physician, the unit supervisor and the individual.
A thorough review of the pertinent employability information including, but not limited to, the medical history, position description, and a functional capability report will be conducted. Resulting proposed accommodations will be reviewed and authorized by Transitional Work Program and ADA Staff Committee as needed prior to implementation.

**CONTINUATION OF WORK:**
As long as an employee maintains acceptable performance of essential job duties, and the medical evidence indicates there is no health or safety risk to the employee, other employees, patients or the public, Novant Health will attempt to provide an environment that will allow the employee to continue working.

**CONFIDENTIALITY:**
Novant Health respects the confidentiality of an individual's medical condition and will make an effort to ensure that the condition of the person will remain confidential, unless the individual requests that the information regarding his/her medical condition be released to others.

**ADDITIONAL INFORMATION:**
Additional information or questions regarding accommodations can be obtained utilizing the attached resource material or by calling your Regional Employee Occupational Health Department or Employee Relations.

### III. QUALIFIED PERSONNEL

Medical Director, Employee Relations, Business Partners, Employee Occupational Health, Employee's Health Care Provider, Employee Assistance Program, Employee's Manager and others as identified.

### IV. EQUIPMENT

N/A

V.   **PROCEDURE**

   N/A

VI.  **DOCUMENTATION**

   **Accommodations Flowchart**
   **Managers Checklist**
   **Employee Accommodation Request Form**
   **Employee Accommodation Instruction Sheet**
   **Medical Inquiry Form**
   **Novant ADA On-line Instruction Sheet**
   **Most Frequently Asked ADA Questions**

VII. **DEFINITIONS**

   *ADA*- American's With Disabilities Act
   *ADAAA*- American's With Disabilities Act As Amended 2008
   *Reasonable Accommodations*- Means alterations in the job, workplace and/or term of employment and other measures, which will allow an otherwise qualified individual to perform the essential duties of a job successfully.
   *Functional Limitation*- Means the inability to perform an action or a set of actions, either physical or mental, because of a physical or emotional restriction or limitation.
   *Essential Job Functions*- Means those duties that are required to accomplish the purpose of the job for which the employee was hired.
   *Job Modifications:* Means restructuring the job by eliminating marginal job functions such as: changing a shift or hours worked, providing a flexible schedule, sharing job

VIII. **RELATED DOCUMENTS**

   **Equal Employment Opportunity - NH-HR-2000**
   **Possible Job Accommodations Resource**
   **Job Accommodation Process**

IX.  **REFERENCES**

   The Americans with Disabilities Act, the ADA Amendments Act of 2008

X.   **SUBMITTED BY**

   Kathy Avery, Sr. Director of Employee Health Initiatives

XI.  **KEY WORDS**

   ADA, accommodation, work modification, ADAAA, work station evaluation

| | | |
|---|---|---|
| **XII.** | **INITIAL EFFECTIVE DATE** | August 2011 |
| | **DATES REVISIONS EFFECTIVE** | April 2012 |
| | **DATES REVIEWED (No changes)** | |
| | **DATE DUE FOR NEXT REVIEW** | April 2015 |

## SIGNATURE SHEET (one copy only to be maintained by author)

| | |
|---|---|
| **Company / Facility(s)** | Novant Health |
| **Department(s)** | All |
| **Title of document** | Reasonable Accommodations / Modifications |
| **Action** | Revision |

**APPROVED BY:**

| Title | Approved By | Signature | Date |
|---|---|---|---|
| Sr. Vice president of Human Resources | Jane Smith-Hill | | 03/22/2012 |
| Sr. Director of Employee Health Initiatives | Kathy Avery | | 03/21/2012 |
| | | | |

**COMMITTEES APPROVED BY:**

| Committee | Chairperson/Designee | Date |
|---|---|---|
| ADA committee (Lee Decker, Marilyn Gilliam, Janet Smith-Hill, Sylvia Beane, Tracy Craig, Kathy Avery, Jenny White, Judy Millard, Catherine Goode, Carolyn Edmond and Elizabeth Evans) | Kathy Avery | 03/21/2012 |
| | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br>               Plaintiff,<br><br>v.<br><br>THE PRESBYTERIAN HOSPITAL,<br>               Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 3:13-CV-00195<br><br><br><br>EMPLOYEE NOTICE |

      This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission ("EEOC) and The Presbyterian Hospital ("Presbyterian") in a case of discrimination based on disability. Specifically, the EEOC alleged that Presbyterian failed to hire Donovus Todd ("Todd") for employment because it perceived him as disabled, in violation of the Americans with Disabilities Act, as amended (the "ADA"). As part of the settlement, Presbyterian agreed to pay monetary damages to Todd and to take other actions set out in the Consent Decree resolving this matter.

      Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. The ADA specifically prohibits discrimination based on an individual's disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

      The Presbyterian Hospital will comply with such federal laws in all respects. Furthermore, The Presbyterian Hospital will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

      Employees have the right and are encouraged to exercise that right, to report allegations of employment discrimination in the workplace. Employees are encouraged to report discrimination to Employee Relations pursuant to Presbyterian's policies. An employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for three (3) years by agreement with the EEOC.

DO NOT REMOVE THIS NOTICE UNTIL: _____                                   **EXHIBIT C**